UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-95-GWU

SHANE ERIC FRALEY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Shane Fraley brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

08-95  Shane Eric Fraley

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

08-95 Shane Eric Fraley

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fraley, a 37-year-old former day laborer and construction/roofing laborer with a "limited" education, suffered from impairments related to degenerative disc disease of the lumbar spine, being status post left wrist arthroscopy and percutaneous fixation of the left radial styloid fracture and a history of left acromioclavicular separation.  (Tr. 13, 17).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 17-18).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 18-19).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Leah Salyers included an exertional limitation to light level work. (Tr. 321).  In response, Salyers identified a significant number of light and sedentary level jobs which could still be performed.  (Tr. 322).  The ALJ then presented a second hypothetical

7

question including such restrictions as (1) an inability to lift more than three pounds frequently and five pounds occasionally; (2) a "limited" ability to reach, handle and push/pull; (3) a need to avoid exposure to heights and moving machinery; and (4) an inability to more than occasionally climb, balance, stoop, crouch, kneel, or crawl. (Tr. 323).  The ALJ also noted that the individual would have lost 80 percent use of the left upper extremity and would have a 48 percent disability to the whole person. (Tr. 323-324).  The witness testified that the sedentary level positions she had previously cited would not be precluded by these limitations. (Tr. 324).  Therefore, assuming that the aforementioned factors fairly characterized Fraley's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

In assessing Fraley's residual functional capacity, the ALJ purported to rely upon the opinions of Dr. Kelly McCants, an examining consultant, and Dr. James Ross, a non-examining medical reviewer.  (Tr. 17).  However, the ALJ's initial hypothetical question omitted key restrictions noted by these sources.  Dr. McCants actually indicated that the plaintiff would have "moderate" limitations concerning activities of daily living and work-related abilities (Tr. 148) while the ALJ specifically stated during presentation of the initial hypothetical question that there would be no restrictions in these areas (Tr. 321).  Dr. Ross included a limitation concerning an inability to ever climb ladders, ropes and scaffolds as well as a limited ability to push/pull with the left upper extremity that was also not presented in the

8

08-95  Shane Eric Fraley

hypothetical question.  (Tr. 228-229).  Thus, the initial hypothetical question relied upon by the ALJ did not fairly characterize the claimant's condition.

Dr. McCants's opinion is compatible with the extensive physical restrictions identified in the alternative second hypothetical question restricting Fraley to a limited range of sedentary level work.  While the second question also did not include the total ban on climbing ladders, ropes and scaffolds noted by Dr. Ross, his opinion, as a non-examiner, would be outweighed by that of the examining source.  The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."  20 C.F.R. § 416.927(d)(1).  Furthermore, Dr. Ross indicated that his restrictions, imposed in February of 2007, would not last beyond June, 2007 and, so, were not permanent.  (Tr. 235).  Therefore, the alternative hypothetical question provides support for the administrative decision.

Fraley argues that the ALJ erred in rejecting the opinions of Dr. David Herr and Dr. Anna Patton, his treating physicians.[1]  (Tr. 17).  However, the ALJ based the alternative second hypothetical question upon Dr. Herr's March, 2007 physical restrictions and incorporated all of the doctor's specific findings. (Tr. 244-245).  The somewhat less severe limitations reported by Dr. Patton were also essentially

---

[1]Dr. Herr initially saw Fraley at the request of his attorney.  (Tr. 236).  The plaintiff asserts that he later began a treating relationship with the physician and did see him in December of 2007.  (Tr. 268-271).

08-95 Shane Eric Fraley

included in the alternative hypothetical question. (Tr. 259-260). Thus, any error in rejecting the restrictions reported by Dr. Herr and Dr. Patton was harmless.

In December of 2007, Dr. Herr also opined that Fraley was totally disabled. (Tr. 269). This is an opinion reserved to the Commissioner under the federal regulations and was not binding on the ALJ. 20 C.F.R. § 416.927(e)(1). Thus, this conclusory opinion was properly rejected by the ALJ.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the undersigned must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 12th day of May, 2009.

Signed By:

<u>G. Wix Unthank</u>   *GWU*

**United States Senior Judge**